

more and more petitions asking this Court to engage in factual disputes that we are not equipped to resolve effectively.

Second, this case illustrates the dangers inherent in an excessive reliance on summary dispositions. The District Court and the Court of Appeals had the benefit of extensive briefing, a complete record, and several months of consideration of this case. Today, in summary fashion, we second-guess their considered judgment as to the probative value of respondents' evidence after the most truncated of presentations. It is, of course, entirely possible that the Court has issued the right command as it gallops by this immense record. But if that be true, the Court is just lucky.

I respectfully dissent.

No. — — ——. GRONER v. SLEZAK ET AL. Motion to direct the Clerk to docket an appeal out of time denied.

No. A–660. PINE KNOB INVESTMENT CO. ET AL. v. COLLINS, TRUSTEE. Bkrtcy. Ct. E. D. Mich. Application for stay, presented to THE CHIEF JUSTICE, and by him referred to the Court, denied.

No. D–365. IN RE DISBARMENT OF RAYBURN. Disbarment entered. [For earlier order herein, see 464 U. S. 911.]

No. D–371. IN RE DISBARMENT OF JONES. Disbarment entered. [For earlier order herein, see 464 U. S. 911.]

No. D–376. IN RE DISBARMENT OF GOLDSTEIN. Disbarment entered. [For earlier order herein, see 464 U. S. 926.]

---

of Appeals agreed with Judge Greene that petitioners should have adduced this evidence during trial. Indeed, it found petitioners' conduct indefensible: "We would add that we find it extremely troublesome—in light of the long and complex history of this litigation and in light of Judge Greene's patient and thoughtful treatment of the case—that the appellants would even propose that the trial court reopen and retry the matter. In the context of this case setting, such an adversarial tactic is irresponsible, insensitive to the extraordinary burdens faced by district courts already overloaded with heavy dockets, and wasteful of precious resources of litigants and the judiciary. Viewed in this posture, we consider the appellants' request for reconsideration an affront to the judicial system." 226 U. S. App. D. C., at 369, 702 F. 2d, at 1106–1107.